Day, J.
At the February Term, 1898, of the court of common ¡pleas, the plaintiff in error, John Blaney,was convicted and ¡sentenced, on a charge of burglar and larceny of a lot of hides and furs, and error is prosecuted in this court to reverse that judgment and for a retrial of the case, because of ■errors said to be apparent on the face of the record.
Exception was taken to the indictment, first by motion to ■quash, and then by plea in abatement,neither' of which was sustained. The court refused to charge as requested on the subject of property recently stolen, found in the possession ■of the accused, but charged the jury on that subject in phraseology differing from that of the request. Exception was noted to the refusal' to charge as requested, and to the ■charge as given. These several exceptions form the princi-. pal grounds of plaintiff’s claim of error.
The motion to quash and the plea in abatement are based, substantially, on the same facts, consisting of alleged defects and irregularities in the selecting, drawing, summoning and impanneling of the grand jury that found and presented the indictment against the accused, and the two propositions are considered and disposed of as one.
The defects, pointed out in the preliminary steps preceding the indictment on the motion to quash and the plea in abatement, are: That the prescribed number of grand jurors, one hundred and twenty-five being the legal number for Logan county, was not written by the clerk on separate slips of paper, as the law requires, and placed in the wheel, and that no names were drawn from the wheel. Two of the grand, jurors were not summoned ten days before the jury was organized. The record does not show that the indictment was presented to the court by the foreman of the grand jury. That there was no such person in existence as F. M. Draper, yet that such name constituted one of the *488 number that was placed in the wheel, and also one that was drawn out of the wheel for this particular grand jury, That John Vanalstine was misnamed in the summons as John Valentine, and the nusnomer was corrected by the officer. The panel was filled from the bystanders, by direction of the court, and F, N. Draper was put upon the panel and constituted foreman of the jury. These defects, with possibly others named and pointed out, formed the basis of the motion to quash and the plea in abatement. They are all in a large sense technical,and are mete irregularities, such as are usually incident to all merely human proceedings. Misnomer, if it amounts to that, in the names of Draper and Vanalstine, seems to be the most serious, and the underlying cause of ail the censure. The criticism is not made, either directly or inferentially, that the persons constituting the grand jury were not proper persons in every way, and competent to act in that behalf, but only that there were technical defects and irregularities in the proceedings in which they were selected, summoned and im-panneled. None of these things are of essence, and it is believed, unless they are they cannot properly be made the basis of a motion to quash the indictment, or of a plea in abatement, but must, by express statutory provision, be availed of, if at all, by challenge before the jury is impaneled and sworn. Section 5175 R. S. is as follows:
“A challenge to the array may be made and the whole array set aside by the court, when the jury, grand or petit, was not selected, drawn or summoned, or when the officer who executed the venire did not proceed as prescribed by law. Bat-no challenge to the array shall be made or the whole array set aside by the court, by reason of the misnomer of a juror or jurors; but on challenge, a juror or jurors may be set aside by reason of a misnomer in his or their names; but such challenge shall only be made before the jury is impaneled and sworn, and no indictment shall be quashed or verdict set aside for any such irregularity or *489 misnomer if the jurors who formed the same possessed the requisite qualifications to act as jurors.”
This section is a direct and express inhibition of law against finding any indictment invalid by reason of misnomer or mere defective or irregular proceedings in the selection, summoning and impaneling of jurors; and as if to emphasize the legislative disregard, if not contempt, of mere technical matters in the administration of criminal law, section 7215, Revised Statutes, supplementing sec. 5175, was enacted, providing:
“No indictment shall be deemed invalid, nor shall the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, by omissions not of the essence of the offense. * * * * Nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.”
These two sections, both of which are held to be valid legislation, cover the case at bar, and effectually put out of consideration as prejudicial errors, the defects and irregularities pointed out and relied on in the motion to quash and the plea in abatement None of them appear to have been to the prejudice of any substantial right of the accused upon the merits.
On the subject of possession by the accused of recently stolen goods, soon after the burglary and larceny was committed, the defendant requested the court to charge as follows:
“In the absence of direct evidence that the defendant, John Blaney,committed the burglary and larceny complained of, something more than possession and control by him of the property alleged to have been stolen is necessary to warrant a conviction of the said John Blaney in this case”
The court declined to charge in terms as requested, but did charge the jury on that proposition as follows:
“If you find beyond a reasonable doubt that the burglary and larceny was committed and by means thereof these *490 skins, or a portion of them, and other property of Miller was stolen therefrom, and shortly after such burglary and larceny a part of the property so taken was found in the possession of defendant who either failed to give an explanation as to how he obtained possession thereof,or gave a false explanation, then in such case, such possession of said property by defendant, may afford the presumption of the fact that defendant is not only guilty of larceny, but of burglary as well, and warrant the jury in so finding; but in case there is no direct evidence that the burglary and larceny was committed, then the mere possession by defendant of the property or a portion thereof would not of its self warrant the jury in finding the defendant guilty.”
Exception was taken and noted to the refusal of the court to instruct the jury as requested,and also to the instruction as given. It would be difficult to detect or define any difference, other than in phraseology snd form, between the statement of the rule of law obtaining in such case, as given by the court and as requested to be given. They are substantially the same, and are in the main part a restatement, in substance, of the rule as stated by the Supreme Court, in the 19 Ohio St. Our notion of them is that both are largely correct, but incorrect in one respect. The statement that mere possession of stolen property soon after the crime is committed, &c. in and of itself, is not sufficient to base a conviction upon,is correct; but the further statement that direct evidence implicating defendant in the commission of the crime is necessary, also, to be present, we regard as inaccurate and having a tendency to mislead. Other evidence than mere possession there must be, but it is not necessary that it be direct evidence; it may, as well, be of the class known in the books as circumstantial evidence; and the circumstances, if competent and of sufficient gravity and weight, in connection with such possession, would unquestionably warrant and'sustain"a”verdict of guilty. Competent evidence, therefore, and not dirct would better express the rule obtaining in such case. But this error, if it is one, *491 was procured by the accused,is directly in his favor, and he cannot be heard to complain of it. He certainly was not prejudiced in any degree.
Kerncin & Cassidy, for Plaintiff.
S, H. West, Prosecuting Attorney, for the State.
Upon a careful consideration of the entire case we have not been able to discover any substantial or prejudicial irregularity, and, the judgment and sentence of the lower court is affirmed,with costs. The cause is remanded to the common pleas court for execution of sentence.